**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4467**

_____

UNITED STATED OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIAM TAYLOR KASEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:17-cr-00062-AWA-RJK-1)

_____

Submitted: July 15, 2021                       Decided: August 2, 2021

_____

Before GREGORY, Chief Judge, and NIEMEYER and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Wilfredo Bonilla, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Eric M. Hurt, Assistant United States Attorney, Newport News, Virginia, Richard D. Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Taylor Kasey pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At the original sentencing hearing, the district court overruled Kasey's objection to the enhanced base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2016), concluding that Kasey's conviction for Massachusetts robbery is a crime of violence. The court then imposed an upward variant sentence of 120 months' imprisonment, the statutory maximum for the offense. *See* 18 U.S.C. § 924(a)(2). We vacated that sentence and remanded for further proceedings, concluding "that the district court committed procedural error in calculating Kasey's Guidelines range" and rejecting the Government's harmless error argument. *United States v. Kasey*, 755 F. App'x 274, 275 (4th Cir. 2019) (No. 18-4193).

At the resentencing hearing, the district court once again overruled Kasey's objection to the enhanced base offense level under § 2K2.1(a)(3), this time concluding that Kasey's conviction for Massachusetts assault and battery with a deadly weapon (ABDW) supported the enhancement. The court reimposed the upward variant sentence of 120 months' imprisonment and stated that it would have imposed the same sentence had it sustained Kasey's objection. On appeal, Kasey challenges the validity of his guilty plea and the reasonableness of his sentence. We affirm.

I.

After Kasey pled guilty, the Supreme Court issued *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that, to convict a defendant under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he

2

knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Kasey argues that his guilty plea must be vacated based on *Rehaif* because the district court failed to advise him during the plea colloquy that the Government had to establish that he knew he was prohibited from possessing firearms due to his status as a felon.

Kasey's interpretation of *Rehaif* is incorrect. While the Government had to prove that Kasey knew he possessed the firearm charged in the indictment and knew that he was a convicted felon when he possessed it, the Government did not have to prove that he knew he was prohibited from possessing the firearm based on his status as a felon. *United States v. Moody*, ___ F.4th ___, ___, Nos. 19-4857/4869, 2021 WL 2546180, at *8-10 (4th Cir. June 22, 2021).

The question, then, is whether the district court committed reversible plain error by failing to advise Kasey that the Government had to prove that he knew he was a felon when he possessed the firearm. *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) (reviewing unpreserved *Rehaif* claim for plain error). Although the error was plain, we conclude that Kasey has not met his burden of showing that the error affected his substantial rights. *See id.* Kasey served a lengthy sentence for his Massachusetts convictions and admitted, after waiving his *Miranda*[*] rights, that he was aware of his status as a felon. Moreover, even though it is not required under *Rehaif*, he also admitted that he knew he was prohibited from possessing firearms. Based on these admissions, Kasey cannot credibly claim that he would not have pled guilty had the court advised him that the

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

Government had to prove that he knew he was a felon when he possessed the firearm. *See id.* at 2097-98 (concluding that defendant did not meet burden when he had been convicted of multiple felonies, admitted at the plea colloquy that he was a felon, and did not argue on appeal that he would have presented evidence at trial that he did not know he was a felon when he possessed the firearm). Accordingly, we conclude that Kasey's guilty plea remains valid after *Rehaif* and affirm his conviction.

## II.

Kasey argues that his sentence is procedurally unreasonable because the district court erred in overruling his objection to the enhanced base offense level under § 2K2.1(a)(3), maintaining that Massachusetts ABDW does not qualify as a crime of violence. Kasey also opposes the Government's assertion that any error in the Guidelines calculation was harmless.

Generally, "[w]e review criminal sentences for reasonableness using an abuse of discretion standard. A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (citation omitted). But "rather than review the merits of" Kasey's Guidelines claim, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Under this inquiry, an error in calculating the Guidelines range "is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be [substantively]

4

reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted).

Initially, contrary to Kasey's argument, we conclude that our assumed error harmlessness inquiry does not conflict with the Supreme Court's emphasis on the importance of starting the sentencing process with the correct Guidelines range. In fact, the Supreme Court expressly recognized that "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," such as where the explanation of the sentencing factors demonstrates "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016); *see id.* at 1347.

Applying the inquiry here, we conclude that the first element is easily satisfied. The district court on remand made it abundantly clear, orally and in its written order, that it would have imposed the same 120-month sentence even if it had sustained Kasey's objection to the Guidelines range. *See Gomez-Jimenez*, 750 F.3d at 383 (holding that first element is met when "the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had incorrectly calculated the defendant's Guidelines range).

The remaining question is whether Kasey's sentence would have been substantively reasonable had the district court sustained his objection. Had the district court ruled in Kasey's favor, his total offense level would have been 21 and, with a criminal history category of II, his Guidelines range would have been 41 to 51 months' imprisonment. *See* USSG ch. 5, pt. A (sentencing table). There is no doubt that Kasey's 120-month sentence

5

is a substantial upward variance from that range, as it was from the 51-to-63-month range the court adopted after overruling Kasey's objection.

"Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Collins*, 982 F.3d 236, 244 (4th Cir. 2020) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). District courts, however, "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (citation and internal quotation marks omitted).

After carefully reviewing the record and considering the parties' arguments and Kasey's allocution, the district court identified several factors justifying a substantial upward variance from the Guidelines range. The court emphasized that Kasey had not been deterred from engaging in criminal conduct by his lengthy state prison sentence; that he had stashed an arsenal of firearms for easy access; and that his longtime allegiance to the Bloods gang remained strong even after his arrest. Based on those factors and others, the court found that Kasey's Guidelines range did not accurately reflect the danger he posed to the community. The court acknowledged that Kasey had pled guilty and apologized for

6

his conduct, but Kasey failed to convince the court that he had fully accepted responsibility and completely severed himself from the gang.

The court acknowledged Kasey's difficult childhood and commended him for his work history and for being a supportive family member. The court also recognized that Kasey suffered from mental health and substance abuse issues and recommended the appropriate treatment. The court was glad to learn that Kasey had taken opportunities to prepare for his release but determined that this effort was not enough to offset the 30 years he spent as a member of the gang and did not outweigh the need to punish him for the offense, deter him from committing other crimes, and protect the community.

In the end, Kasey has not identified any reason for overruling the district court's considered judgment "that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). Accordingly, we conclude that Kasey's upward variant sentence is substantively reasonable and would have been even if the court had sustained his objection to the enhanced base offense level under § 2K2.1(a)(3). Because any error in calculating the Guidelines range was harmless, we affirm Kasey's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*